IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL RASHEED, | : | Civil No. 3:20-cv-0154 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LT. SAEZ, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Presently before the court are three motions to compel and a motion for counsel filed by Plaintiff Rasheed. (Docs. 42, 45, 48, and 52.) Also pending is Defendants' motion for leave to depose Plaintiff. (Doc. 50.) For the reasons that follow, Rasheed's first and third motions to compel, Docs. 42 and 48, will be deemed withdrawn due to his failure to comply with M.D. Pa. Local Rule 7.5. Defendants' motion to depose Plaintiff, Doc. 50, will be deemed withdrawn for similar reasons. Rasheed's second motion to compel, Doc. 45, will be denied except as to request number 6. Defendant Saez will be required to supplement his response to document request 6. Finally, Rasheed's motion for appointment of counsel, Doc. 52, will be denied.

## RELEVANT PROCEDURAL HISTORY

On January 24, 2020, Abdul Rasheed ("Rasheed") filed this civil rights action pursuant to 42 U.S. § 1983 after he was allegedly assaulted by staff on May

14, 2019, at the Camp Hill State Correctional Institution ("SCI–Camp Hill"), in Camp Hill, Pennsylvania.[1] (Doc. 1.) On March 23, 2020, Rasheed filed an amended complaint, which is the operative pleading in this matter. (Doc. 9.) Named as Defendants are the following SCI–Camp Hill employees: Sgt. Saez, Superintendent Laurel Harry, Corrections Officer ("CO") Emig, Lt. John Doe, CO John Doe, and Nurse Ciara.[2] (*Id.*) On March 30, 2021, upon resolving the Defendants' motion to dismiss, the court dismissed all claims against Superintendent Harry, as well as Rasheed's official capacity claims against the remaining Defendants. (Doc. 34.) Defendants Saez and Emig filed an answer to the amended complaint on April 12, 2021. (Doc. 35.) A case management order was issued by the court and directed that fact discovery be completed by October 29, 2021 and established November 30, 2021 as the deadline for filing dispositive motions. (Doc. 36.) The court recently enlarged the dispositive motion deadline to February 28, 2022. (Doc. 56.)

The parties have engaged in discovery. On April 14, 2021, Rasheed filed with the court his first request for production of documents seeking to learn the identities of the John Doe Defendants. (Doc. 37.) The court advised Rasheed his

---

[1] Rasheed is presently housed at SCI–Fayette in Lavelle, Pennsylvania. (Doc. 25.)

[2] To date, Lt. Doe, CO Doe, and Nurse Ciara have not been served. By order of March 30, 2021, Rasheed was directed to provide the court with the name and address of the unserved defendants by July 1, 2021, or they would be dismissed pursuant to Fed. R. Civ. P. 4(m).

2

discovery request was improperly filed with the court and that he must serve all discovery requests upon Defense counsel. (Doc. 39.)

On April 26, 2021, Rasheed served his first request for production of documents on Defendants. (Doc. 41-1, Doc. 45, pp. 20–23.)[3] Without waiving objections lodged in response to the various requests, Defendants provided Rasheed with responsive documents and a privilege log on June 8, 2021. (Docs. 41-2, 41-3.)

On Sunday, June 6, 2021, Rasheed filed a motion to compel Defendant's response to his April 26, 2021 first set of interrogatories. This request sought to learn the names of the John Doe Defendants. (Doc. 42.) The court directed Rasheed to file a supporting brief by July 19, 2021. (Doc. 44.) Rasheed has failed to file a supporting brief.[4] On June 28, 2021, Rasheed filed a properly supported second motion to compel challenging Defendants' responses to his first request for production of documents. (Docs. 45-46.) Defendants did not oppose or otherwise respond to the motion. Rasheed filed a third motion to compel on September 3, 2021. (Doc. 48.) He did not file a brief in support of this motion. Rasheed's final

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[4] Within fourteen days of filing a motion, the moving party must also submit a supporting brief. *See* M.D. Pa. Local Rule 7.5. If a timely supporting brief is not filed, the motion shall be deemed withdrawn. (*Id.*)

3

motion seeks the appointment of counsel based on the complexities of the case, and his unfamiliarity with the law.[5] (Doc. 52.)

On September 13, 2021, defense counsel filed a letter with the court requesting a telephone status conference "for the purpose of clarifying the status of discovery and establishing a revised case management order." (Doc. 49.) Due to an oversight, the court did not schedule a status conference as requested. Simultaneous to counsel's letter, Defendants filed a motion to depose Rasheed. (Doc. 52.) Defendants did not file a brief in support of their motion.

## Discussion

### A. Motions Deemed Withdrawn Pursuant to Local Rule 7.5

As noted above, where a moving party fails to file a supporting brief within fourteen days of their motion, the motion is deemed withdrawn. *See* M.D. Pa. Local Rule 7.5. Excerpts of the Local Rules, including 7.5, were provided to Rasheed on January 30, 2020. (Doc. 6.) Rasheed was reminded of the briefing requirement again on June 18, 2021. (Doc. 44.) Defense counsel is also presumed to be familiar with the court's Local Rules.

In accordance with Local Rule 7.5, the court will deem Rasheed's first and third motions to compel, Docs. 42 and 48, withdrawn. Likewise, Defendants'

---

[5] Pursuant to M.D. Pa. Local Rule 7.5(c), Rasheed is not required to file a brief in support of his motion for counsel.

motion to depose Rasheed, Doc. 50, will be deemed withdrawn due to counsel's failure to file a supporting brief. Because Rasheed is not required to file a brief in support of his motion for counsel, it will be addressed *infra*.

### B. Motion to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further response to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Rasheed properly filed a brief in support of his second motion to compel challenging Defendants' responses to his first request for production of documents. (Docs. 45-46.) Defendants did not file a brief in opposition to the motion and thus shall be deemed not to oppose it. Nonetheless, the court has undertaken a review of the challenged requests to the extent possible.

Rasheed propounded document production requests numbered 1 to 3. (Doc. 45, pp. 20–21.) Defendants raised many of the same objections to each request, such as the requests being vague and unclear. Additionally, Defendants argued with respect to requests 1 and 2, that the information sought is not relevant to any party's claim or defense and is overly burdensome as Rasheed fails to "describe with reasonable particularity each item or category of items." (Doc. 41-2, pp. 2–

5

4.) Finally, Defendants also assert "privilege" over some documents and state they are not within Defendant Saez's possession, control, or custody and thus not subject to discovery pursuant to Rule 34(a)(1).  Without waiving their objections, Defendants nonetheless made over 200 pages of documents available for Rasheed's inspection.  In addition to their document production, Defendant have provided Rasheed with a privilege log outlining their reasoning for the redaction of portions of a document or the reason for their nondisclosure of a document.[6]  (*Id.*, pp. 3, 11.)

    Rasheed does not dispute his receipt of Defendants' response, privilege log, or that he was provided with the opportunity to review Defendants' response prior to the filing of his motion to compel.  (Doc. 41-3.)  Against this backdrop, Rasheed's motion to compel Defendants to provide further responses to requests 1 through 3 will be denied.  Rasheed fails to demonstrate that Defendants' responses are evasive or incomplete simply based on the lodging of an objection to his requests.  This is underscored by the fact that Rasheed does not dispute receiving documents in response to each request even though Defendants raised objections.  Without some identification or reference to specific redactions or documents Rasheed believes Defendants inappropriately withheld from him, the court will not direct Defendants to supplement their response.

---

[6] None of the documents produced in discovery appear in the record.

Document request number 4 seeks the production of Rasheed's medical record. (Doc. 45, p. 21.) Although Defendants raised objections like those lodged in response to earlier requests, they again produced over 100 pages of documents in response. (Doc. 41-2, p. 6.) Additionally, Rasheed does not argue that he has not been granted access to his own medical record outside of the discovery process in accordance with Pennsylvania Department of Corrections ("DOC") Policies, e.g. DC-ADM 003, Release of Information, available within the Inmate Handbook. Accordingly, Defendants will not be required to supplement their response to this request. For similar reasons, Rasheed's motion to compel related to request number 5, his "complete prison record" will be denied. (Doc. 41-2, p. 6.)

Request number 6 seeks all records of misconducts, reprimands, or "anything relating to misbehavior of Defendant Lt. Saez." (Doc. 45, p. 21.) Defendants object to this request as unclear, not relevant to any party's claim or defense, and because the information is confidential. To the extent Rasheed seeks the disclosure of *every* inmate grievance filed against Lt. Saez, the request will be denied as unduly burdensome, overbroad, and unwarranted because it may expose the confidential information of uninvolved individuals (i.e. other inmates). However, the Defendants will be required to disclose documents related to any instance where (1) the DOC disciplined Lt. Saez for using excessive force against

an inmate; and (2) a court/jury found Lt. Saez to have used excessive force against an inmate in violation of his/her Eighth Amendment rights.

Rasheed's final request seeks copies of all documents reflecting staff assigned to the K-Block 2 – 10 p.m. shift on May 14, 2019, when he was allegedly assaulted. Rasheed specifically notes his request is "not limited to any and all medical staff and personnel who attend to plaintiff on 5-14-19 and thereafter as it relates to the incident in question." (Doc. 45, p. 21.) Defendants object to the request as unclear and seeking information not relevant to any party's claim or defense. (Doc. 41-2, p. 8.) Defendants also assert the requested information is privileged and confidential. (*Id*.) Without waiving these objections, Defendants produced approximately 30 responsive pages of documents. (*Id*., p. 9.) According to Defendants' privilege log, only document number 556, a document described as a duty roster was withheld or redacted for security and relevance reasons. Again, the document in question is not before the court for review.

While Rasheed generally challenges Defendants' objections and grounds for privilege, he does not provide the court with the means to assist him. Rasheed does not describe the documents provided in response to this request as nonresponsive or otherwise incomplete. Similarly he does not specify whether the "duty roster" was overly redacted or not produced at all. Without a more specific challenge to Defendants' response, Rasheed has not demonstrated Defendants'

responses were evasive or incomplete. Defendants will not be required to supplement their response to this request.

### C. Motion for Counsel

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)

(citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases."  (*Id.*)

Rasheed has not made a threshold showing for the appointment of counsel in a civil case.  He asserts that he needs counsel due to (1) the fact that he is an indigent prisoner, (2) his lack of familiarity with the law, and (3) the complexity of the factual and legal issue in this case.  (Doc. 52.)  As a threshold matter, at this point, Rasheed has demonstrated that his Eighth Amendment claim has "some arguable merit in fact and law."  *Tabron*, 6 F.3d at 155.  Having crossed that hurdle, examination of the *Tabron* factors does not support the appointment of counsel at this moment.

First, Rasheed has demonstrated his ability to present his own case.  He has access to the necessary resources such as paper, postage, and a copier to communicate with the court and defense counsel.  His writings are clear and advance his claim.  He does not appear to suffer from cognitive difficulties or a language barrier.  He has access to legal materials and cites proper caselaw in support of his arguments.  Given his ability to present his own case, the first *Tabron* factor weighs against the granting of Rasheed's motion.

As to the second factor, the complexity of the legal issues, at this point only Rasheed's excessive use of force claim remains against two Defendants.

Rasheed's motion fails to articulate how his remaining claim is complex, or whether it presents a question of unsettled law, such that the appointment of counsel is warranted. Thus, this factor weighs in favor of denying the motion.

The third factor concerning the need and ability of Rasheed to pursue discovery on his own also weighs in favor of denying the motion. Rasheed has demonstrated his ability to effectively pose discovery as evidenced by his motion to compel. Moreover, the fact discovery period has now expired.

As to factor four, Plaintiff's ability to retain counsel on his own behalf, the court notes Rasheed is proceeding *in forma pauperis* in this matter and there is no evidence of his ability to attain or afford counsel. Thus, this factor weighs in favor of granting the motion.

As to the fifth factor, the court examines the amount a case is likely to turn on credibility determinations. At this stage of the litigation, it is simply too early to tell whether credibility determinations will dictate the outcome of this case. Therefore, this factor is neutral as to whether the motion should be granted. As to the final factor, whether the case will require the testimony of expert witnesses, this factor weighs against the appointment of counsel as Rasheed fails to address whether expert testimony is necessary in this matter.

In sum, based on the court's analysis of the *Tabron* factors, appointment of counsel is not warranted at this time. If future proceedings demonstrate the need

for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

## CONCLUSION

Rasheed's first and third motions to compel, Docs. 42 and 48, and Defendants' motion to depose Plaintiff, Doc. 50, will deemed withdrawn per M.D. Pa. Local Rule 7.5.  Rasheed's second motion to compel, Doc. 45, will be denied except as to document production request number 6.  Defendants will be required to supplement their response to document production request 6.  Finally, Rasheed's motion for appointment of counsel, Doc. 52, will be denied without prejudice.  An appropriate order will follow.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated:  December 6, 2021